IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | |
|---|---|
| Dwight Lamar Spears, ) | C/A No. 0:11-2306-RBH-PJG |
| ) | |
| Petitioner, ) | |
| ) | |
| vs. ) | **REPORT AND RECOMMENDATION** |
| ) | |
| Mildred Rivera, Warden, ) | |
| ) | |
| Respondent. ) | |
| _____ ) | |

Dwight Lamar Spears ("Petitioner"), a self-represented federal prisoner housed in the Federal Correctional Institution Estill ("FCI Estill") in Estill, South Carolina, has filed this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. This matter is before the court pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Civil Rule 73.02 (D.S.C.) for initial screening.

## BACKGROUND

Petitioner "moves this Honorable Court to correct the Restitution Order issued in [] case number [Cr. No. 6:07-710-14]." (Pet., ECF No. 1-1 at 1.) Petitioner alleges that "[he] pleaded guilty on August 21, 2007, to one count of conspiracy to utter counterfeit business checks in violation of 18 U.S.C. § 371." (Id.) Petitioner alleges that "[he] was sentenced to fifty-one months imprisonment and ordered to pay restitution in the amount of $24,663.27." (Id.) Petitioner alleges that "[he] did not take a direct appeal [but] instead

filed a series of unsuccessful post-conviction motions pursuant to 28 U.S.C. § 2255." (Id.; see ECF No. 1 at 2-3); United States v. Spears, C/A No. 6:07-710-14-HMH (D.S.C. 2007).[1]

On October 27, 2008, Petitioner filed a § 2255 motion alleging multiple grounds of relief.[2]  Finding Petitioner's claims for relief without merit, this court summarily dismissed Petitioner's motion. United States v. Spears, Cr. No. 6:07-710-HMH, 2008 WL 4849682, at *2 (D.S.C. Nov. 6, 2008).  Petitioner appealed the dismissal of his § 2255 motion to the United States Court of Appeals for the Fourth Circuit, and the Fourth Circuit dismissed Petitioner's appeal. United States v. Spears, No. 08-8413, 2009 WL 167007, at *1 (4th Cir. Jan. 26, 2009).

Petitioner filed a second § 2255 motion on November 12, 2009.  Upon review, this court dismissed Petitioner's motion after determining that the relief he sought was not cognizable under § 2255 and must be brought under 28 U.S.C. § 2241. United States v. Spears, Cr. No. 6:07-710-HMH, 2009 WL 4585545, at *1 (D.S.C. Dec. 1, 2009). Petitioner's § 2255 motion was, therefore, construed as a § 2241 habeas petition and a new civil case was opened, Spears v. United States of America and Warden of FCI-Estill, No. 0:09-3125-HMH-PJG (D.S.C.).  However, Petitioner failed to pursue the § 2241 claim and, on June 1, 2010, this court dismissed Petitioner's § 2241 petition with prejudice for lack of prosecution and denied a certificate of appealability. Spears v. United States of

---

[1] See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").

[2] Petitioner alleged four grounds:  (1) lack of factual nexus between personal and business checks; (2) double jeopardy; (3) ineffective assistance of counsel for failure to allow Petitioner to review discovery documents; (4) presentence report overstated Petitioner's involvement in the conspiracy.  See United States v. Spears, Cr. No. 6:07-710-HMH (D.S.C.), ECF Nos. 454, 455.



America and Warden of FCI-Estill, C/A No. 0:09-3125-HMH-PJG,(D.S.C. June 1, 2010), ECF No. 23.

On March 16, 2011, Petitioner filed another § 2255 motion challenging this court's computation of his restitution and loss amounts and contending that had the court properly calculated the loss amount he would have received a lesser sentence.  As the relief that Petitioner sought was not merely a reduction in the amount of restitution owed, but a challenge to the duration of his sentence, the court found that Petitioner's claim fell within the ambit of § 2255.  However, the court summarily dismissed Petitioner's motion, finding that it was a second attempt at securing relief under § 2255, which had been filed without the authorization of the Fourth Circuit, as required by 28 U.S.C. § 2244(b)(3)(A).  United States v. Spears, Cr. No. 6:07-710-HMH, WL 1254558, at *2 (D.S.C. Apr. 1, 2011).

On May 19, 2011, Petitioner filed another § 2241 habeas petition, alleging once again that this court incorrectly calculated the amount of restitution that he was ordered to pay as part of his sentence.  However, Petitioner failed to pay the $5 habeas filing fee in the case and the petition was dismissed, without prejudice, on June 30, 2011.  Spears v. Rivera, C/A No. 0:11-1206-RBH-PJG (D.S.C. June 30, 2011), ECF No. 9.

On August 29, 2011, Petitioner filed the instant § 2241 Petition, again seeking to challenge the restitution order entered on January 30, 2008 as part of the judgment in his criminal case, United States v. Spears, Cr. No. 6:07-710-14-HMH (D.S.C. 2007). Petitioner alleges that "[his] Restitution Order was incorrectly calculated and must be corrected, because the incorrect Order is causing him undue hardship on his current federal sentence." (ECF No. 1 at 1.)  Petitioner alleges that "[he] is currently serving a twenty-year federal prison sentence on an unrelated federal case."  (ECF No. 1-1 at 1.)  Petitioner



alleges that a correct restitution order should reflect an amount of $10,361.75, not $24,663.27. Petitioner alleges that $14,301.52 of the total restitution was erroneously ordered by the court, because it was for "Petitioner's own personal checks which were determined to be checks of insufficient funds but in no way connected to part of the underlying offense of conviction." (ECF No. 1-1 at 3.) In addition to his argument that the restitution amount was erroneously calculated, Petitioner alleges that the court "was without the necessary jurisdiction to include the four (4) personal checks as part of the Restitution Order," and that the court "erred when it failed to determine if restitution, in the instant matter, was reasonably feasible." (Id.) Petitioner alleges that the § 2255 remedy is inadequate and ineffective in his situation because "the claim and remedy is not cognizable on Section 2255." (ECF No. 1 at 2.)

### INITIAL REVIEW GENERALLY

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; and the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents: Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983). This court is charged with screening the petitioner's habeas petition and attachments to determine if "it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court." Rule 4 of Rules Governing § 2254

Cases, 28 U.S.C. foll. § 2254; see also Rule 1(b) of Rules Governing § 2254, 28 U.S.C. foll. § 2254 (a district court may apply these rules to a habeas corpus petition not filed pursuant to § 2254).

This court is required to liberally construe *pro se* petitions. Erickson v. Pardus, 551 U.S. 89 (2007). *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case. Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972). When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true. Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990). The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

In the instant § 2241 action, Petitioner challenges the restitution order imposed at his sentencing and asks the court to correct the order to "reflect a corrected total of $10,361.75." (ECF No. 1 at 5; ECF No. 1-1 at 5.) A petition for a writ of habeas corpus under 28 U.S.C. § 2241 is generally the proper procedure to challenge the execution of a federal sentence. See United States v. Little, 392 F.3d 671, 679 (4th Cir. 2004); see also United States v. Gripper, 224 Fed. Appx. 219, 220, 2007 WL 1115953, at **1 (4th Cir. Apr. 16, 2007) (construing a challenge to the "implementation of the restitution portion" of a prisoner's sentence as a § 2241 petition); United States v. Corcho, 60 Fed. Appx. 479, 480, 2003 WL 1712118, at *1 (4th Cir. Apr. 1, 2003) (where petitioner's § 2255 motion asserted that the district court had improperly delegated its authority to set the amount and timing of his fine payments to the BOP, "because he does not seek to be released from custody and it is well settled that § 2255 relief may not be granted when the litigant challenges only a fine or restitution order, we construe [petitioner's] motion as a petition for habeas corpus relief arising under 28 U.S.C. § 2241").

However, several circuit courts have held that a federal prisoner cannot challenge the legality of a restitution order by filing a writ pursuant to § 2241. See Arnaiz v. Warden, Fed. Satellite Low, 594 F.3d 1326, 1329 (11th Cir. 2010) (habeas corpus cannot be used to challenge just the restitution part of a sentence); Kaminski v. United States, 339 F.3d 84 (2d Cir. 2003) (dismissal of the claims in petitioner's habeas petition attacking a restitution order was affirmed because an order of restitution could not be attacked in a habeas petition, even if the petition also alleged error in the sentence of imprisonment); see also Satterfield v. Scibana, 275 Fed. Appx. 808, 810, 2008 WL 1913391, at **2 (10th



Cir. 2008) (holding that, a challenge to the restitution portion of a sentence in no way challenges custody, so it cannot be brought under § 2241); Lara v. Smith, 132 Fed. Appx. 420, 421 (3d Cir. 2005) (unpublished) (challenge to the validity of a restitution order, and not its execution, is not a claim cognizable in a § 2241 petition).

Further, it is well established that defendants convicted in federal court are obliged to seek habeas relief from their convictions and sentences through a motion brought pursuant to 28 U.S.C. § 2255. In re Vial, 115 F.3d 1192, 1194 (4th Cir. 1997) (*en banc*). However, many appellate courts have concluded that, while restitution is part of an inmate's sentence, a motion under § 2255 "may not be used for the sole purpose of challenging fines or restitution orders." United States v. Hudgins, 201 Fed. Appx. 142, 143, 2006 WL 2794412, at **1 (4th Cir. Sept. 25, 2006) (holding that, because a § 2255 motion may not be used for the sole purpose of challenging fines or restitution orders, the district court should have treated movant's claim as a habeas corpus petition under 28 U.S.C. § 2241) (citing United States v. Bernard, 351 F.3d 360, 361 (8th Cir. 2003)); see United States v. Corcho, 60 Fed. Appx. 479, 480, 2003 WL 1712118, at *1 (4th Cir. Apr.1, 2003) (§ 2255 motion construed as § 2241 habeas petition); Mamone v. United States, 559 F.3d 1209, 1211 (11th Cir. 2009) (a movant cannot utilize § 2255 to challenge a restitution order, even if cognizable claims seeking release from custody are also raised); Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998) (collecting cases); Barnickel v. United States, 113 F.3d 704, 706 (7th Cir. 1997); Smullen v. United States, 94 F.3d 20, 25-6 (1st Cir. 1996); United States v. Watroba, 56 F.3d 28, 29 (6th Cir. 1995); United States v. Michaud, 901 F.2d 5, 7 (1st Cir. 1990); United States v. Fabian, C/A No. CCB-09-2810, Cr. No. CCB-07-0355, 2011 WL 2791085, at *30 (D. Md. July 14, 2011) (collecting



cases) (a noncustodial component of a sentence, such as a restitution or forfeiture order, cannot be attacked in a § 2255 petition).

Still other circuit courts have held that a collateral challenge to the restitution or fine portion of a federal sentence cannot be raised in either a § 2255 motion or a § 2241 petition. See Campbell v. United States, 330 Fed. Appx. 482 (5th Cir. 2009) (unpublished) (challenge to the restitution or fine portion of a sentence is a nonconstitutional issue relative to sentencing that should be raised on direct appeal and not for the first time in a § 2255 proceeding; further, a monetary penalty is not a sufficient restraint on liberty to meet the "in custody" requirements of § 2255 or § 2241) (citing United States v. Hatten, 167 F.3d 884, 887 n.5 (5th Cir. 1999) and United States v. Segler, 37 F.3d 1131, 1135 (5th Cir. 1994)); Miller v. Berkebile, 2007 U.S. App. LEXIS 30627 (5th Cir. 2007) (unpublished) (district court did not err in determining that it lacked jurisdiction to consider petition under either § 2241 or § 2255 because petitioner's claim challenging only the restitution portion of his sentence did not satisfy the "in custody" requirement of either § 2241 or § 2255; further, the mere potential for future incarceration also does not satisfy the "in custody" requirement); United States v. Robinson, 331 Fed. App'x 907, 908 (3d Cir. 2009) (unpublished) (holding that a federal prisoner convicted of bank robbery could not challenge a restitution order in a § 2255 motion to vacate his sentence or in a § 2241 federal petition for writ of habeas corpus).

Instead, courts have held that challenges to the validity of restitution orders should be raised on direct appeal. United States v. Hatten, 167 F.3d 884, 887 n.5 (5th Cir. 1999); United States v. Segler, 37 F.3d 1131, 1135 (5th Cir. 1994); United States v. Banks, 422 Fed. Appx. 137, 140 (3rd Cir. Apr. 11, 2011) (unpublished); Dobbins v. Deboo, C/A No.



2:09cv64, 2009 WL 3584004, at *5 (N.D.W.Va. Oct. 28, 2009); United States v. Runnells, 36 F. Supp. 2d 696, 700 (E.D.Va. 1998) ("a restitution order, absent substantial justification, is not the proper subject of a § 2255 petition and may not be collaterally attacked") (quoting United States v. Landrum, 870 F. Supp. 699, 702 (E.D.Va. 1994)); United States v. Rowland, 848 F. Supp. 639, 645 (E.D.Va. 1994) (restitution is not "a fundamental defect cognizable in a section 2255 petition").

Petitioner alleges that, because "[his] claim and remedy is not cognizable on Section 2255," he satisfies the mandate of the § 2255 "savings clause,"³ which allows a petitioner to proceed under § 2241 if he can demonstrate that the remedy allowed under § 2255 is inadequate or ineffective to test the legality of his detention.  See United States v. Poole, 531 F.3d 263, 267 n.6 (4th Cir. 2008).  To trigger the "savings clause" of § 2255(e) and proceed under § 2241, a petitioner must show that "(1) at the time of the conviction, settled law of this circuit or the Supreme Court established the legality of the conviction; (2) subsequent to the prisoner's direct appeal and first § 2255 motion, the substantive law changed such that the conduct of which the prisoner was convicted is deemed not to be criminal; and (3) the prisoner cannot satisfy the gate-keeping provisions of § 2255 because the new rule is not one of constitutional law."  In re Jones, 226 F.3d 328, 333-34 (4th Cir. 2000).

---

³ "An application for a writ of habeas corpus on behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."  28 U.S.C. § 2255(e).  See In re Jones, 226 F.3d 328, 333 (4th Cir. 2000) ("It is beyond question that § 2255 is not inadequate or ineffective merely because an individual is unable to obtain relief under that provision."); In Re Vial, 115 F.3d at 1194 n.5.



The instant Petition provides no allegations which undermine the validity of Petitioner's criminal conviction. Petitioner's sole challenge is to the restitution portion of his sentence. However, the reach of the savings clause has not been extended to prisoners who challenge only their sentences. See Poole, 531 F.3d at 267 n.7 ("Fourth Circuit precedent has likewise not extended the reach of the savings clause to those petitioners challenging only their sentence."); see also Moore v. Warden, FCI Edgefield, C/A No. 2:11-02086-RBH-PJG, 2011 WL 5827607, at *2 (D.S.C. Oct 28, 2011) adopted by 2011 WL 5827633 (D.S.C. Nov 18, 2011). Thus, Petitioner's attempt to invoke the savings clause embodied in § 2255 is insufficient, and he is barred from proceeding with this habeas corpus action under § 2241.

Additionally, because Petitioner did not raise the issue of the validity of the restitution order at his sentencing and on a direct appeal, any such claim is procedurally defaulted and may not be raised in a collateral challenge via § 2241 or § 2255. Petitioner has failed to allege any exceptional circumstances that would require this court to hear such an argument in this collateral proceeding. Under "the procedural default rule, a defendant generally must advance an available challenge to a criminal conviction or sentence on direct appeal or else the defendant is barred from presenting that claim in a § 2255 proceeding." Lynn v. United States, 365 F.3d 1225, 1234 (11th Cir. 2004). "A defendant can avoid a procedural bar only by establishing one of the two exceptions to the procedural default rule[:]" (1) when the defendant shows "cause for not raising the claim of error on direct appeal and actual prejudice from the alleged error[;]" or (2) when the defendant shows that he is "actually innocent" of the underlying charge. Id. All available claims must be advanced on direct appeal, or they will be procedurally barred. Frady, 456



U.S. at 165. The procedural default rule is designed "to conserve judicial resources" and to promote "respect [for] the law's important interest in the finality of judgments." Massaro v. United States, 538 U.S. 500, 504 (2003). Petitioner pleads no cause and prejudice here.

Moreover, as noted above, in considering Petitioner's first § 2255 motion, this court ruled, and the Fourth Circuit affirmed, that Petitioner's objection to the amount of restitution was procedurally barred because of his failure to object at his sentencing or to file a direct appeal. See United States v. Spears, Cr. No. 6:07-710-HMH, 2008 WL 4849682, at *1 (D.S.C. Nov. 6, 2008), affirmed, No. 08-8413, 2009 WL 167007 (4th Cir. Jan. 26, 2009). Petitioner's first § 2241 petition, raising this same issue, was dismissed, with prejudice, for lack of prosecution, and Petitioner was denied a certificate of appealability. See Spears v. United States of America and Warden of FCI-Estill, C/A No. 0:09-3125-HMH-PJG,(D.S.C. June 1, 2010), ECF No. 23. Therefore, the instant § 2241 Petition should be dismissed with prejudice.

## RECOMMENDATION

Accordingly, the court recommends that the instant Petition for a writ of habeas corpus, filed pursuant to 28 U.S.C. § 2241, be dismissed with prejudice and without issuance and service of process upon the respondent, and that Petitioner be denied a certificate of appealability. See Eriline Co. S.A. v. Johnson, 440 F.3d 648, 656 (4th Cir. 2006) (district courts are charged with the duty to independently screen initial filings and dismiss those actions that plainly lack merit without requesting an answer from the respondent); Toney v. Gammon, 79 F.3d 693, 697 (8th Cir. 1996) (a petition may be summarily dismissed if the record clearly indicates that petitioner's claims are either barred from review or without merit); Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970) (federal



district courts have duty to screen habeas corpus petitions and eliminate burden placed on respondents caused by ordering an unnecessary answer or return).

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

January 31, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> 901 Richland Street
> Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).