IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Dwight Lamar Spears, | ) | Civil Action No.: 0:11-cv-02306-RBH |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Mildred Rivera, *Warden*, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Petitioner, a federal prisoner proceeding *pro se*, filed this action pursuant to 28 U.S.C. §

2241. This matter is now before the court with the [Docket Entry 7] Report and Recommendation

("R&R") of United States Magistrate Judge Paige J. Gossett[1] filed on January 31, 2012. In her R&R,

the Magistrate Judge recommended that "the instant Petition for a writ of habeas corpus . . . [should]

be dismissed with prejudice and without issuance and service of process upon the respondent . . . ."

(R&R at 11.) Petitioner timely filed his [Docket Entry 9] Objections to the R&R.

### Background

In the instant § 2241 Petition, [Docket Entry 1], Petitioner moves the court to "[c]orrect the

[] Restitution Order entered on January 30, 2008, . . . in [Criminal] Case No. 6:07-cr-710-14." (*Id.*

at 5.) Petitioner alleges that "[he] pleaded guilty on August 21, 2007, to one count of conspiracy to

utter counterfeit business checks in violation of 18 U.S.C. § 371," and that he "was sentenced to

fifty-one months imprisonment and ordered to pay restitution in the amount of $24,663.27." (Memo.

in Supp. [Docket Entry 1-1] at 1.) He further alleges that "[he] did not take a direct appeal [and]

instead filed a series of unsuccessful post-conviction motions pursuant to 28 U.S.C. § 2255." (*Id.*);

---

[1] This matter was referred to Magistrate Judge Gossett pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule
73.02(B), D.S.C.

*see also United States v. Spears*, Cr. No. 6:07-710-14-HMH (D.S.C. 2007) (hereinafter "*Spears Criminal Action*").[2]

On October 27, 2008, Petitioner filed a § 2255 motion to vacate alleging multiple grounds for relief.[3]  Finding Petitioner's claims were without merit, the district court summarily dismissed Petitioner's § 2255 motion to vacate, *see United States v. Spears*, Cr. No. 6:07-710-HMH, 2008 WL 4849682, at *1-*3 (D.S.C. Nov. 6, 2008), and the Fourth Circuit Court of Appeals thereafter dismissed Petitioner's subsequent appeal of that order on January 26, 2009, *see United States v. Spears*, 308 F. App'x 703, 704 (4th Cir. 2009).

Petitioner filed a second § 2255 motion to vacate on November 12, 2009, challenging the amount of restitution he was previously ordered to pay. *See Spears Criminal Action*, Docket Entry 507.  Upon review, the district court concluded that the relief Petitioner sought was not cognizable under § 2255, and therefore ordered dismissal of the § 2255 motion and further that it be construed as a § 2241 habeas corpus petition. *United States v. Spears*, Cr. No. 6:07-710-HMH, 2009 WL 4585545, at *1 (D.S.C. Dec. 1, 2009).  Accordingly, Petitioner's § 2255 motion was construed as a § 2241 habeas petition and a new civil case was opened. *See Spears v. United States of America & Warden of FCI-Estill*, Civ. No. 0:09-cv-3125-HMH (D.S.C.).  However, Petitioner failed to pursue the § 2241 claim and, on June 1, 2010, the district court dismissed Petitioner's § 2241

---

[2] The court may take judicial notice of its own records in Petitioner's prior case. *Colonial Penn. Ins. Co. v. Coil*, 887 F.2d 1236, 1239 (4th Cir. 1989) (noting that "[t]he most frequent use of judicial notice of ascertainable facts is in noticing the content of court records" (internal quotations and citations omitted)); *Aloe Creme Labs., Inc. v. Francine Co.*, 425 F.2d 1295, 1296 (5th Cir. 1970) (holding that "[t]he District Court clearly had the right to take notice of its own files and records").

[3] Specifically, Petitioner raised the following grounds: (1) lack of factual nexus between personal and business checks; (2) double jeopardy; (3) ineffective assistance of counsel for failing to allow Petitioner to review discovery documents; and (4) presentence report ("PSR") overstated Petitioner's involvement in the conspiracy. *See Spears Criminal Action*, Docket Entries 454 & 455.

petition *with prejudice* for lack of prosecution. *See id.*, Docket Entry 23.

On March 16, 2011, Petitioner filed another § 2255 motion to vacate, challenging the court's computation of his restitution and loss amounts, and contending that he would have received a lesser sentence had the court accurately calculated the loss amount. *Spears Criminal Action*, Docket Entry 551. For relief, Petitioner sought not only a reduction in the amount of restitution owed, but also a reduction in his sentence. *Id.* Ultimately, the district court summarily dismissed the § 2255 motion after finding that Petitioner failed to get Fourth Circuit authorization prior to filing the second or successive motion. *United States v. Spears*, Cr. No. 6:07-710-HMH, 2011 WL 1254558, at *2 (D.S.C. April 1, 2011).

On May 19, 2011, Petitioner filed another § 2241 habeas petition, alleging again that the court incorrectly calculated his restitution amount. *See Spears v. Rivera*, Civ. No. 0:11-cv-1206-RBH-PJG (D.S.C. 2011), Docket Entry 1. However, after Petitioner failed to pay the five (5) dollar habeas filing fee in the case, the court dismissed the § 2241 action, without prejudice, on June 30, 2011. *Id.*, Docket Entry 9.

Finally, on August 29, 2011, the court received the instant § 2241 Petition filed by Petitioner. In the § 2241 Petition, Petitioner again seeks to challenge the restitution order entered as part of the judgment in his criminal case. Petitioner specifically alleges that his "Restitution Order [w]as [i]ncorrectly calculated and must be corrected, because the incorrect Order is causing him undue hardship." (§ 2241 Petition at 1.) Petitioner further alleges that the "corrected order should reflect a restitution total of $10,361.75," not the $24,663.27 currently reflected. (Memo. in Supp. at 3.) Petitioner contends that $14,301.52 of the total restitution was erroneously ordered by the court, because it was for "Petitioner's own personal checks which were determined to be checks of

insufficient funds but in no way connected to part of the underlying offense of conviction." (*Id.*) "[C]onsequently," Petitioner additionally argues "that the district court was without the necessary jurisdiction to include the four (4) personal checks as part of the Restitution Order." (*Id.*) For relief, as noted above, Petitioner specifically asks the court to "[c]orrect the instant Restitution Order entered . . . in Case No. 6:07-cr-710-14 . . . [to] reflect a corrected total of $10,361.75." (§ 2241 Petition at 5.)

## **Standard of Review**

The Magistrate Judge makes only a recommendation to the court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the court. *Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court is charged with making a *de novo* determination of those portions of the Report to which specific objection is made, and the court may accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge, or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The court is obligated to conduct a *de novo* review of every portion of the Magistrate Judge's report to which objections have been filed. *Id.* However, the court need not conduct a *de novo* review when a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). In the absence of a timely filed, specific objection, the Magistrate Judge's conclusions are reviewed only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005).

**Discussion**

I.    Report and Recommendation

In the instant matter, Petitioner challenges the restitution order imposed at his sentencing and moves the court to correct that order to "reflect a corrected total of $10,361.75." (§ 2241 Petition at 5.)  The Magistrate Judge, in her R&R, began by noting that although a § 2241 petition "is generally the proper procedure to challenge the execution of a federal sentence[,] . . . several circuit courts have held that a federal prisoner cannot challenge the legality of a restitution order by filing a writ pursuant to § 2241." (R&R at 6); *see, e.g.*, *Lara v. Smith*, 132 F. App'x 420, 421 (3d Cir. 2005) ("Lara challenges the validity of the restitution order in his case, and not its execution.  That is not a claim cognizable in a § 2241 petition.").  Similarly, the Magistrate Judge likewise noted that "many appellate courts have [also] concluded that . . . a motion under § 2255 'may not be used for the sole purpose of challenging fines or restitution orders.'" (*Id.* at 7) (quoting *United States v. Hudgins*, 201 F. App'x 142, 143 (4th Cir. 2006)).  Finally, the Magistrate Judge found that even other circuit courts have concluded that a challenge to a restitution order cannot be raised in either a § 2255 motion or a § 2241 petition, but that "challenges to the validity of restitution orders should be raised on direct appeal." (*Id.* at 8); *see, e.g.*, *United States v. Hatten*, 167 F.3d 884, 887 n.5 (5th Cir. 1999) ("[R]estitution, in general, is a sentencing issue that should be raised on direct appeal.").

After setting forth the above case law, the Magistrate Judge ultimately concluded that "the instant § 2241 Petition should be dismissed with prejudice." (R&R at 11.)  First, she concluded that "Petitioner's attempt to invoke the savings clause embodied in § 2255 [was] insufficient," because his allegations did not undermine his criminal conviction and "the reach of the savings clause has not been extended to prisoners who challenge only their sentences." (*Id.* at 10) (citing *United States*

*v. Poole*, 531 F.3d 263, 267 n.7 (4th Cir. 2008)).  Second, the Magistrate Judge also concluded that

Petitioner had procedurally defaulted his claims "because [he] did not raise the issue of the validity

of the restitution order at his sentencing and on a direct appeal." (*Id.*)  Further, the Magistrate Judge

specifically noted that Petitioner has not alleged any cause and prejudice, or any exceptional

circumstances, to overcome his procedural default. (*Id.*)  Third and finally, the Magistrate Judge

noted that Petitioner's "first § 2241 petition, raising this same issue, was dismissed, *with prejudice*,

for lack of prosecution." (*Id.* at 11 (emphasis added).)

II.    Objections

        As an initial matter, much of Petitioner's Objections is conclusory and non-specific.  For

example, Petitioner states that he "[e]ssentially, [] objects to all recommendations as ruled upon by

the R&R." (Obj. at 3.)  These improper objections fail to "direct the court to a specific error in the

magistrate's proposed findings and recommendations." *Orpiano*, 687 F.2d at 47.

        The court notes, however, that Petitioner does specifically argue in his Objections that he is

challenging the "execution" of his sentence, not its validity, and that his § 2241 Petition is the proper

vehicle for such a challenge. (Obj. at 2.)  While Petitioner is correct that "attacks on the *execution*

of a sentence are properly raised in a § 2241 petition," *In re Vial*, 115 F.3d 1192, 1194 n.5 (4th Cir.

1997) (emphasis added), the court concludes in this action that Petitioner is not challenging the

execution of his sentence, but the validity and accuracy of the restitution order previously entered

against him. *See Coleman v. Brooks*, 133 F. App'x 51, 52-53 (4th Cir. 2005) (holding that

petitioner's claim that "the order of restitution was improper" attacked the legality of his conviction

and sentence, but his claim that "the BOP [was] improperly executing his order of restitution" did

not); *see also Martin v. United States*, No. 1:03CV213, 2006 WL 231485, at *3 (N.D.W. Va. 2006)

(holding that "challenging the sentencing court's considerations when imposing [petitioner's] fine does not relate to the execution of his sentence and is not cognizable in a § 2241 petition"); *cf. United States v. Campbell*, 190 F. App'x 227, 228 (4th Cir. 2006) (holding that petitioner's argument "that the district court improperly delegated its authority to set the amount and timing of his [] payments to the BOP" was a challenge only to the execution of the restitution portion of his sentence and should have been raised under § 2241). As cited by the Magistrate Judge, the case of *Lara v. Smith*, 132 F. App'x 420, clearly sets forth the important distinction between challenging the validity of a restitution order and the execution that order. The Third Circuit stated the following in *Lara*:

> Lara filed a habeas petition pursuant to 28 U.S.C. § 2241 . . . alleg[ing] that the sentencing court imposed an illegal restitution order . . . [and] that the sentencing court did not make required factual findings before imposing restitution . . . .
>
> . . . Lara cited a non-precedential opinion of this Court, *Galluzzi v. Jusino*, 49 F. App'x 391 (3d Cir. 2002), for the proposition that a restitution challenge may be brought in a § 2241 petition because the challenge is to the execution of one's sentence. As the District Court correctly noted, *Galluzzi* involved a challenge to a restitution schedule established by the Bureau of Prisons, and did not challenge the validity of the restitution order itself. Thus, *Galluzzi* did involve the execution of a sentence, which is cognizable in a § 2241 petition. . . . In contrast, Lara challenges the validity of the restitution order in his case, and not its execution. That is not a claim cognizable in a § 2241 petition.

*Id.* at 421. Again, here, Petitioner argues that his restitution order is incorrect, which is a challenge to the validity of the restitution order, not the way the order is being implemented. *See Coleman*, 133 F. App'x at 52 (holding that Coleman's claim that "the order of restitution was improper . . . attack[ed] the legality of [his] conviction and subsequent sentence"). This finding is further supported by the fact that Petitioner claims in his § 2241 Petition that this court was without jurisdiction to include certain personal checks in calculating his restitution. *See Sowell v. DeBoo*, No.1:09CV34, 2009 WL 2029804, at *3 (N.D.W. Va. July 9, 2009) (holding that petitioner was

"challenging the imposition of his sentence, rather than its execution" when he argued that "the District Court was without authority to 'amend his judgment' and request[ed] that th[e] Court[] 'vacate and remand the District Court's opinion []clarifying[] his judgment with respect to the payment of restitution'"). Thus, Petitioner's objection and argument that he is challenging only the execution of his sentence is without merit. Moreover, the court also importantly notes that Petitioner's Objections do not even attempt to address the fact that his previous § 2241 petition, which likewise challenged his restitution order, was dismissed by this court, *with prejudice*, after he failed to prosecute his claims in that action. *See Spears v. United States of America & Warden of FCI-Estill*, Civ. No. 0:09-cv-3125-HMH (D.S.C.), Docket Entry 23; *see also* Fed. R. Civ. P. 41(b) ("[A] dismissal [for failure to prosecute] under this subdivision (b) . . . operates as an adjudication on the merits."). For all of these reasons, Petitioner's Objections are overruled.[4] Ultimately, after thoroughly reviewing Petitioner's arguments and the R&R, the court is left with the firm conviction that the Magistrate Judge's recommended disposition of this action is correct and that the § 2241 Petition should be dismissed with prejudice.

## Conclusion

The court has thoroughly reviewed the entire record, including the R&R and Objections, and the applicable law. For the reasons stated above and by the Magistrate Judge, the court hereby

---

[4] The court notes that "Petitioner also [specifically] objects to the R&R's characterization of the procedural default rule." (Obj. at 2.) Simply put, Petitioner argues that the procedural default rule applies only to challenges to the validity of one's conviction or sentence not raised at sentencing and on direct appeal, and is therefore inapplicable to his claims as "he is challenging [only] the way [his] sentence is being executed." (*Id.*) However, as thoroughly discussed above, this court concludes that Petitioner's claims in his § 2241 Petition challenge the validity of his restitution order, and not its execution. Thus, it appears that Petitioner has procedurally defaulted his claims challenging the restitution order, as discussed by the Magistrate Judge, and this court notes that nowhere has he even attempted to allege any cause and prejudice to overcome this default. Accordingly, this objection is likewise overruled.

overrules all of Petitioner's Objections and adopts and incorporates by reference the Magistrate

Judge's R&R. Accordingly, it is therefore **ORDERED** that the instant § 2241 Petition is

**DISMISSED** *with prejudice* and without issuance and service of process upon Respondent.

      **IT IS SO ORDERED.**


                                  s/R. Bryan Harwell
                                  R. Bryan Harwell
                                  United States District Judge

Florence, South Carolina
March 30, 2012